IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21–CR–306 |
| vs. | ORDER |
| SHERI ANN GRIEGO, | |
| Defendant. | |

Defendant Sheri Ann Griego is scheduled to appear before this Court for sentencing next week on Wednesday, March 27, 2024. In anticipation of this hearing, the Court instructs the parties that they should be prepared to discuss the following issue.

Pursuant to her Rule 11(c)(1)(C) plea agreement, Griego has pleaded guilty to Counts I and II of the Indictment. *See generally* Filing 117; Filing 118; Filing 119. The Court accepted her guilty pleas on February 13, 2024. Filing 119. Count I charges the Defendant with possessing with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Filing 23 at 1. Count I of the Indictment also includes the following language:

> Before SHERI ANN GRIEGO committed the offense charged in this Count, she had a final conviction for a serious drug felony, namely, a conviction under Weld County Sheriff's Department; Greeley, CO; Case no.:201 ICR372, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Filing 23 at 1.

In a portion of her plea agreement captioned, "ENHANCEMENT," Defendant acknowledges that she was convicted of a serious drug felony as defined in 18 U.S.C. § 924(e)(2)(A), served more than 12 months imprisonment, and was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant

1

offense. Filing 117 at 2. The plea agreement also states that Griego understands Count I carries penalties that include a mandatory minimum of 10 years imprisonment, a maximum fine of $8,000,000, and a term of supervised release of at least eight years. Filing 117 at 3. These penalties would not apply if the enhancement for having previously been convicted of a serious drug felony did not apply. *See* 21 U.S.C. § 841(b)(1)(B)(viii).

In the Petition Griego submitted prior to her change of plea hearing, she expressed her understanding that Count I carried a mandatory minimum of 10 years confinement, a fine in the amount of up to $8,000,000, and a minimum supervised release term of eight years. Filing 116 at 4. During Griego's change of plea hearing on December 20, 2023, the United States Magistrate Judge likewise advised Griego that there was "an enhancement allegation with regard to penalties because of a prior felony conviction" and discussed this enhancement allegation with her at some length. Filing 118 at 6–8. The Magistrate Judge also asked counsel for both parties whether he "properly set forth the elements of these charges, including the enhancement with regard to penalties for conviction under Count I." Filing 118 at 8. Counsel for both sides indicated that the Magistrate Judge had correctly set forth the penalties that applied in light of the enhancement. Filing 118 at 8.

The Court has since received a Presentence Investigation Report completed by the United States Probation Office. The United States Probation Office has calculated Griego's sentencing guideline ranges based upon what would apply if there were no enhancement in this case. In paragraph 10 of the Presentence Investigation Report, the probation officer wrote, "On February 2, 2024, this officer was informed by the government that the enhanced penalties for the prior serious drug conviction will not be further pursued." This materially alters the sentence this Court would otherwise be statutorily required to impose and is in conflict with what the plea agreement

2

says, what the Defendant acknowledged in her Petition to enter a plea of guilty, and what was discussed at the change of plea hearing.

The Court recognizes that the Government did not file a notice of its intent to seek a sentencing enhancement pursuant to 21 U.S.C. § 851. Some federal Circuit Courts of Appeals require strict adherence to this. *See e.g.*, *United States v. Counterman*, 846 F. App'x 114, 118 (3d Cir. 2021) ("Because the § 851 information was filed the day after Mr. Counterman entered his plea of guilty, the Government did not comply with 21 U.S.C. § 851(a)(1). The District Court therefore committed plain error by enhancing his sentence"). However, the Eighth Circuit is not one of them. *See United States v. Roundtree*, 534 F.3d 876, 881–82 (8th Cir. 2008); *United States v. Johnson*, 462 F.3d 815, 824–24 (8th Cir. 2006). Instead, the Eighth Circuit has taken the view that "[w]hen interpreting § 851, [it] is 'careful not to elevate form over substance.'" *Roundtree*, 534 F.3d at 881 (quoting *United States v. Curiale*, 390 F.3d 1075, 1077 (8th Cir. 2004)). Thus, the Eighth Circuit has said in this context that "[n]otice is sufficient if a defendant receives, 'notice of the prior conviction, the effect it would have on the maximum sentence, and an opportunity to dispute the conviction.'" *Roundtree*, 534 F.3d at 881 (quoting *United States v. Timely*, 443 F.3d 615, 626 (8th Cir. 2006)).

Griego had such notice here. Indeed, she was not only on notice of the enhancement as evidenced by the information included in her Petition to enter a plea of guilty, her plea agreement, and her colloquy with the United States Magistrate Judge at her change of plea hearing, she was also put on such notice by the Indictment itself. Describing the difference between receiving notice of such enhancement in an indictment as opposed to an information, as "inconsequential," the Eighth Circuit has further noted that, "In fact, placing the prior conviction in the indictment may give defendants other protection." *Roundtree*, 534 F.3d at 882 n.2. Defendant was appropriately

3

appraised of the enhancement and pleaded guilty to the offense with the understanding that this enhancement applies. To the extent the parties intend to change course at this late-stage, they should be prepared to address this matter with the Court at the sentencing hearing. Accordingly,

IT IS ORDERED: Counsel shall be prepared to address the issues raised in this Order at the Sentencing hearing scheduled for Wednesday, March 27, 2024.

Dated this 21st day of March, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge